# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GEORGE X,                                 )

         Plaintiff,               )

     v.                              )     C.A. No.: N24C-10-237 FJJ

                                  )

PAUL H. MORRILL, JR.,         )

THOMAS J. PARAG, DAVID L.   )

BAYLOR, SHANE MILLER, and  )

WILLIAM J. RHODUNDA, JR.,   )

         Defendants.       )

     -And-                      )

                                  )

PAUL L. PARETS and         )

THOMAS PARAG,           )

         Counterclaim Plaintiffs/ )

         Third-Party Plaintiffs,  )

     v.                              )

GEORGE X,                         )

         Counterclaim Defendant, )

     -And-                     )

                                  )

ZEP TEPI INSTITUTE, INC.,    )

         Third-Party Defendant.   )

Submitted: June 22, 2026
Decided: June 24, 2026

## ORDER

*On Plaintiff's Motion for Entry of Final Judgment as to the Garage Related Claims and in the Alternative for Certification under Supreme Court Rule 42*

## DENIED

Having considered Plaintiff's motion for entry of final judgment as to the garage related claims and, in the alternative, for certification of the issues involving the garage decided in this court's February 24, 2025 decision under

Supreme Court Rule 42, it appears to the Court that:

1. On February 24, 2025, this Court issued an Opinion and Order granting Defendants' motion to dismiss as to any claims related to a garage that abutted Delaware City's right of way finding that the claims were barred by the statute of limitations.

2. Since that time the parties have actively litigated the case with the most recent major event being this Court's June 17, 2026 Opinion and Order granting summary judgment as to the claims against David Baylor, Shane Miller and William Rhodunda on the grounds of sovereign immunity.

3. On June 22, 2026, Plaintiff filed the instant motion asking that this Court, under Superior Court Rule 54(b), enter final judgment as to the garage related claims and, in the alternative, to certify its decision in the February 24, 2025 Order related to the garage issues to the Delaware Supreme Court under Delaware Supreme Rule 42.

4. As to Plaintiff's request that this Court certify its decision on the garage issue to the Delaware Supreme Court, that request is summarily DENIED. Supreme Court Rule 42 provides that any request to invoke Rule 42 must be done within 10 days of the entry of the order from which the appeal is sought. Plaintiff's attempt over 16 months after this Court entered its order comes too late. Plaintiff's request is DENIED.

5.	Plaintiff next moves this Court to enter final judgment under Superior Court Civil Rule 54(b) as to the garage claim.  The request is not warranted.

6.	"Civil Rule 54(b) allows the Court to certify a final judgment upon one or more claims if: '(1) the action involves multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally decided, and (3) there is no just reason for delaying an appeal.'"[1]  "In deciding whether there is 'just reason for delay' under prong three, the Court must consider: '(1) the hardship or injustice suffered by the moving party in the absence of the final judgment; and (2) the interest of judicial administration and judicial economy.'"[2]  "This decision is left to the discretion of the Court; however, the long established policy against piecemeal appeals requires this Court to exercise th[is] discretion 'sparingly', 'cautiously,' and 'frugally.'"[3]

7.	There is simply no hardship or injustice that will be suffered by Plaintiff if this motion is DENIED.  The case awaits a prompt trial date and will address a number of issues, including whether Plaintiff has suffered any damage as a result of any of the Defendants' actions.  A decision by the jury on the question of causation and damages on the trespass claim could very well

[1] *CVR Ref., LP v. XL Specialty Ins. Co.*, 2023 WL 6690908, at *4 (Del. Super. Ct. Oct. 12, 2023) (quoting *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 3233068, at *1 (Del. Super. Ct. Jul. 28, 2017)).
[2] *Id.* (quoting *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 3233068, at *1 (Del. Super. Ct. Jul. 28, 2017)).
[3] *Id.* (quoting *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 3233068, at *1 (Del. Super. Ct. Jul. 28, 2017)).

end any further litigation. The interests of judicial administration and judicial economy favor a finding that a final judgment not be entered. Plaintiff's requested relief is DENIED.

**IT IS SO ORDERED.**

<u>/s/ Francis J. Jones, Jr.</u>
Francis J. Jones, Jr., Judge

cc: *Counsel via File & ServeXpress*
*Mr. George X via e-mail and USPS*